Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Emily Smart**, an Arizona resident; and **Timothy Smart**, an Arizona resident;<br><br>Plaintiffs,<br><br>v.<br><br>**Shino Training Center, LLC**, an Arizona company; and **Joshua Shino,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiffs Emily Smart ("**Ms. Smart**") and Timothy Smart ("**Mr. Smart**") (collective known as "**Plaintiffs**"), for their Verified Complaint against Defendants Shino Training Center, LLC and Joshua Shino (**"Defendants"**), hereby allege as follows:

**NATURE OF THE CASE**

1. Ms. Smart brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); Plaintiffs bring this action against Defendants for their unlawful failure to pay overtime in violation of the FLSA and Arizona minimum wage in violation

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiffs were employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiffs resided in the District of Arizona.

7. Ms. Smart was a full-time employee of Defendants from on or around February 4, 2021 until on or around February 22, 2021 ("**relevant times**").

8. Mr. Smart was a full-time employee of Defendants from in or around February 4, 2021 until on or around February 22, 2021.

9. At all relevant times to the matters alleged herein, Ms. Smart was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times to the matters alleged herein, Ms. Smart was an employee of Defendants as defined by A.R.S. § 23-362(A).

11. At all relevant times to the matters alleged herein, Mr. Smart was an

employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

12. At all relevant times to the matters alleged herein, Mr. Smart was an employee of Defendants as defined by A.R.S. § 23-362(A).

13. Defendant Shino Training Center, LLC is a company authorized to do business in Arizona.

14. At all relevant times to the matters alleged herein, Defendant Shino Training Center, LLC was Ms. Smart's employer as defined by 29 U.S.C. § 203(d).

15. At all relevant times to the matters alleged herein, Defendant Shino Training Center, LLC was Mr. Smart's employer as defined by 29 U.S.C. § 203(d).

16. At all relevant times to the matters alleged herein, Defendant Shino Training Center, LLC was Ms. Smart's employer as defined by A.R.S. § 23-362(B).

17. At all relevant times to the matters alleged herein, Defendant Shino Training Center, LLC was Mr. Smart's employer as defined by A.R.S. § 23-362(B).

18. Defendant Joshua Shino is an Arizona resident.

19. Defendant Joshua Shino has directly caused events to take place giving rise to this action.

20. Defendant Joshua Shino is the owner of Shino Training Center, LLC.

21. Defendant Joshua Shino is a manager of Shino Training Center, LLC.

22. Defendant Joshua Shino is an employer of Shino Training Center, LLC.

23. Defendant Joshua Shino has been at all relevant times Ms. Smart's employer as defined by 29 U.S.C. § 203(d).

24. Defendant Joshua Shino has been at all relevant times Mr. Smart's employer as defined by 29 U.S.C. § 203(d).

25. Defendant Joshua Shino has been at all relevant times Ms. Smart's employer as defined by A.R.S. § 23-362(B).

26. Defendant Joshua Shino has been at all relevant times Mr. Smart's employer as defined by A.R.S. § 23-362(B).

27. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Joshua Shino is an employer.

28. Defendant Joshua Shino had the authority to hire and fire employees.

29. Defendant Joshua Shino had the authority to hire and fire Plaintiffs.

30. Defendant Joshua Shino interviewed and hired Plaintiffs.

31. On January 29, 2021, Ms. Smart sent a text message to Defendant Joshua Shino inquiring about a job posting.

32. On February 2, 2021, Defendant Joshua Shino sent a text message to Ms. Smart that said, "Hi! I'm sorry it's taken me this long to get back to you! Are you free sometime tomorrow afternoon to stop by and chat?"

33. On February 3, 2021, Plaintiffs went into Defendant Joshua Shino's office and were interviewed and hired.

34. Defendant Joshua Shino supervised and controlled Plaintiffs' work schedules or the conditions of Plaintiffs' employment.

35. Plaintiffs would check in person and via text message with Defendant Joshua Shino to see what work needed to be completed.

36. On February 4, 2021, Defendant Joshua Shino sent a text message to Ms. Smart that said, "Would you guys be able to help clean stalls tomorrow? We don't need to

Doc ID: f95c8ed2684231cbbff1b31736c347659f00c6e9

get the horses out tomorrow, just clean their stalls". Ms. Smart replied by text message, "Sure! Do you need us to feed as well?" Defendant Joshua Shino then replied, "Possibly in the afternoon but not in the morning".

37. Defendant Joshua Shino determined the rate and method of Plaintiffs' payment of wages.

38. Defendant Joshua Shino instructed Plaintiffs that they would each be paid $550 a week.

39. Defendant Joshua Shino had the responsibility to maintain employer records for Plaintiffs.

40. On February 3, 2021, Plaintiffs signed an "Application for Employment Shino Training Center LLC" given to them by Defendant Joshua Shino.

41. On February 3, 2021, Plaintiffs signed a "Release and Hold Harmless Agreement" given to them by Defendant Joshua Shino.

42. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Joshua Shino is subject to individual and personal liability under the FLSA.

43. Plaintiffs further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

44. Defendants, and each of them, are sued in both their individual and corporate capacities.

45. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

46. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

47. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in interstate commerce.

48. Plaintiff Timothy Smart received reimbursement payments via the Cash App from Defendant Joshua Shino for diesel and irrigation tools.

49. Plaintiffs are covered employees under individual coverage.

50. Plaintiffs are covered employees under enterprise coverage.

## FACTUAL ALLEGATIONS

51. The entity Defendant is a horse training facility.

52. On or around February 4, 2021, Ms. Smart commenced employment with Defendants as a general worker.

53. In or around February 4, 2021, Mr. Smart commenced employment with Defendants as a general worker.

54. Plaintiffs' primary job duties included cleaning stalls, grooming, and barn maintenance.

55. During the pay period beginning February 5, 2021, Plaintiffs estimate that they each worked approximately 60 hours.

56. During the pay period beginning February 12, 2021, Plaintiffs estimate that they each worked approximately 60 hours.

57. During the pay period beginning February 19, 2021, Plaintiffs estimate that they each worked approximately 32 hours.

58. Ms. Smart never received any compensation for her hours worked.

59. Mr. Smart only received a sum total of $1,430.00 for his hours worked.

60. Because Plaintiffs received less than the statutory salary basis, Plaintiffs were non-exempt employees.

61. Defendants failed to properly compensate Plaintiffs for all their overtime and regular hours.

62. Plaintiffs worked in excess of 40 hours per week.

63. Plaintiffs were not provided with the required one and one-half times pay premium as required by the FLSA for all their worked overtime hours.

64. Defendants were aware that Plaintiffs' working hours exceeded 40 hours.

65. Defendants required them to work overtime as a condition of their employment.

66. Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due on their next paycheck.

67. Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

68. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

69. Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

### COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)
### (Only Ms. Smart)

70. Ms. Smart incorporates by reference all of the above allegations as though

fully set forth herein.

71. At all relevant times, Ms. Smart was employed by Defendants within the meaning of the FLSA.

72. Ms. Smart was an employee entitled to the statutorily mandated minimum wage.

73. Defendants have intentionally failed and/or refused to pay Ms. Smart minimum wage according to the provisions of the FLSA.

74. As a direct result of Defendants' violations of the FLSA, Ms. Smart has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

75. In addition to the amount of unpaid minimum wages owed to Ms. Smart, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

76. Defendants' actions in failing to compensate Ms. Smart, in violation of the FLSA, were willful.

77. Defendants knew Ms. Smart was not being compensated full minimum wages for time worked.

78. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

79. Defendants have not made a good faith effort to comply with the FLSA.

80. Ms. Smart is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

81. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

82. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

83. Defendants intentionally failed and/or refused to pay Plaintiffs' full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

84. In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

85. Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

86. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

87. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

88. Plaintiffs are employees entitled to the statutorily mandated overtime wages.

89. Defendants have intentionally failed and/or refused to pay Plaintiffs' overtime wages according to the provisions of the FLSA.

90. As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

Doc ID: f95c8ed2684231cbbff1b31736c347659f00c6e9

91. In addition to the amount of unpaid overtime wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

92. Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

93. Defendants knew Plaintiffs were not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

94. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

95. Defendants have not made a good faith effort to comply with the FLSA.

96. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

A. For the Court to declare and find that the Defendants committed the following acts:

i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

iv. willfully violated minimum wage provisions of the Arizona Minimum

Wage Statute, by failing to pay minimum wages;

v. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

vi. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED March 4, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiffs

## **VERIFICATION**

Plaintiffs Emily Smart and Timothy Smart declare under penalty of perjury that they had read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Emily Smart

_____
Timothy Smart

Doc ID: f95c8ed2684231cbbff1b31736c347659f00c6e9